IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wilson Yazzie Jean,<br><br>Petitioner,<br><br>v.<br><br>Joseph M. Arpaio, et al.,<br><br>Respondents. | No. CV-14-8199-PCT-PGR (DKD)<br><br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, SENIOR U.S. DISTRICT JUDGE:

 Wilson Yazzie Jean filed a Petition for Writ of Habeas Corpus on October 17, 2014, challenging his conviction and sentence for failure to register as a sex offender. As explained below, the Court recommends that his Petition be denied and dismissed with prejudice.

## BACKGROUND

 In 1985, following his entry of a guilty plea, Jean was sentenced in Coconino County Superior Court to concurrent sentences totaling 14 years for one count of kidnapping, one count of robbery, and one count of sexual assault in violation of A.R.S. § 13-1406. ("Sexual Assault Conviction"). (Doc. 13, Ex. B)

 In 1990, while an inmate, Jean entered a plea of no contest to one count of attempted kidnapping and was sentenced to a suspended three year term and 90 days in jail, to run consecutively to his term in the Sexual Assault Conviction. (Doc. 13, Ex. D) In 1991, while an inmate, Jean entered a plea of guilty to one count of aggravated assault

1  and was sentenced to a six year term, to run consecutively to the Sexual Assault
2  Conviction. (Doc. 13, Ex. F)

3  In 1999, in the presence of two witnesses, Jean signed a document titled "Sex
4  Offender Registration/Notification Requirements" where he acknowledged that he was
5  subject to sex offender registration and notification requirements. (Doc. 13, Ex. O)
6  Specifically, Jean initialed to indicate his understanding that he had to register with the
7  sheriff of any county within ten days after he entered and remained in that county, he had
8  to obtain and maintain current identification, and that his responsibility to register as a
9  sex offender was a life time requirement. (*Id*.)

10 In 2001, the State initiated proceedings in Coconino County Superior Court to
11 have Jean declared a sexually violent person ("SVP Case"). (Doc. 13, Ex. K at ¶ 2)
12 After an extended proceeding, the Court entered a default judgment against him, found
13 that he was a SVP, and committed him to the custody of the Arizona Department of
14 Health Services. (Doc. 13, Ex. H at 4, Ex. K at ¶ 19) After Jean appealed, the Arizona
15 Court of Appeals vacated the default judgment against him and remanded to the Superior
16 Court for a determination of prejudice. (Doc. 13, Ex. K at ¶ 36) On remand, the Superior
17 Court dismissed the SVP Case with prejudice and ordered Jean's release. (Doc. 13, Ex.
18 N)

19 In 2008, approximately two years after his release, Jean was charged by
20 information in Maricopa County Superior Court for two counts of failure to register as a
21 sex offender in Maricopa County and for failing to carry identification ("First Failure to
22 Register Case"). (Doc. 13, Ex. P) Jean entered a plea of guilty to one of the counts and
23 was sentenced to 4.5 years. (Doc. 13, Exs. Q, S, T) Jean subsequently initiated post-
24 conviction relief proceedings and, at the conclusion of briefing, the Superior Court denied
25 his request for relief. (Doc. 13, Exs. U, V, W, X) After Jean petitioned for review of the
26 Superior Court's denial of post-conviction relief, the Arizona Court of Appeals denied
27 review. (Doc. 13, Exs. Y, Z) Shortly thereafter, Jean initiated additional post-conviction
28 relief proceedings which were later dismissed as untimely. (Doc. 13, Exs. AA, BB)

In May 2014, Jean was again charged by information in Maricopa County Superior Court for two counts of failure to register as a sex offender ("Second Failure to Register Case"). (Doc. 13, Ex. CC) Jean entered a plea of guilty to one of the counts and he was sentenced to 4.5 years. (Doc. 13, Exs. DD, EE, HH) There is no indication that Jean initiated post-conviction relief proceedings.

In October 2014, Jean filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1) On its face, Jean indicates that he is challenging the SVP Case but then lists a sentence that more closely aligns with the First and Second Failure to Register Cases. (Doc. 1 at 1) When describing the grounds for his Petition, Jean alleges that his due process rights were violated. (Doc. 1 at 6) It appears that Jean's argument is that the SVP Case violated his due process rights and so he should not have had to register as a sex offender. (*Id.*) It appears that he also argues that his due process rights were violated because he did not have actual knowledge of any requirement to register. (*Id.*)

Respondents' first answer argued that the Court did not have jurisdiction. (Doc. 13) The Court disagreed and permitted Respondents to file a supplemental answer which argued that Jean's petition contains only arguments that were unexhausted and are now procedurally defaulted. (Docs. 15, 17) In his reply, it appears that Jean is attempting to expand his argument that due process requires that he have notice of his sex offender registration requirements. (Doc. 14) Jean also seems to argue that, because the SVP Case was dismissed with prejudice, the sex offender registration requirements can not apply to him. (*Id.*) Finally, it seems that he argues that the registration statute did not require registration for a sexual assault conviction at the time of his conviction in 1985. (*Id.*)

**EXHAUSTION OF REMEDIES & PROCEDURAL DEFAULT**

<u>Exhaustion of Remedies.</u>  A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies

by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default. A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

## JEAN'S CLAIMS ARE BARRED

Jean did not exhaust any of the claims in his habeas petition and an implied procedural bar now exists to prevent him from doing so. To meet the exhaustion requirement, Jean needed to fairly present his claims to the Arizona Court of Appeals by providing the facts underlying his claim and the federal basis of those claims. Jean has never filed anything in the Arizona Court of Appeals that raises these arguments and, therefore, his claims are not exhausted.

In addition, Jean's claims are now subject to an implied procedural bar because his claims were not fairly presented in state court and no state remedies remain available to him because he is now precluded or time-barred from raising his claims in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

Jean's statutory obligation to register as a sex offender is required by his Sexual Assault Conviction and is, therefore, independent of the dismissal of his SVP Case. A.R.S. § 13-3821(A)(5) (registration required for sexual assault conviction). This requirement existed at the time of Jean's Sexual Assault Conviction. *State v. Lammie*, 793 P.2d 134, 135 (Ariz. App. 1990) ("In 1983, A.R.S. § 13-3821 was enacted… requir[ing] registration of '[a] person who has been convicted of a violation of chapter 14 [A.R.S. §§ 13-1401 to -1416] of this title.'") The record does not indicate that Jean was notified of his duty to register as a sex offender as part of his Sexual Assault Conviction. *State v. Garcia*, 752 P.2d 34 (Ariz. App. 1987) (defendants must be notified of statutory duty to register). However, Jean acknowledged in writing, prior to his release for the Sexual Assault Conviction and before two witnesses, that he understood the requirements for registration as a sex offender. (Doc. 13, Ex. O) Thus, Jean had notice of these requirements. Accordingly, Jean has not demonstrated either cause for the default and actual prejudice to excuse the default or a miscarriage of justice and so the Court cannot review his claims.

**IT IS THEREFORE RECOMMENDED** that Wilson Yazzie Jean's petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 1st day of October, 2015.

_____
David K. Duncan
United States Magistrate Judge